# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| TINA MARIE WELLS, | ) | |
|     Petitioner, | ) | Civil Case No. 7:14cv00161 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNNAMED, | ) | By: Michael F. Urbanski |
|     Respondent. | ) | United States District Judge |

Tina Marie Wells, a Virginia inmate proceeding *pro se*, filed a pleading which the court construes as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.[1] In her petition, Wells alleges the following:

> Ground One: The prosecution's burden of proof.
> Supporting Facts: The hospital report from the University of Virginia Hospital's emergency room and triage report stated that it took 2 to 3 stitches to close the wound up. A Mannassas County Judge heard the case. Herman A. Whisenant, Jr. in Fluvanna combined district court on 10/21/2005.
>
> Ground Two: The defendant's right to due process of the law.
> Supporting Facts: Offense date 4/2/2005. Arrest date 4/3/2005. Grand jury 6/27/2005. True Bill—Case has been set. Trial 10/21/2005. From the date the charges were filed to the date of the trial. 120 days have expired.
>
> Ground Three: A defendant's right to counsel.
> Supporting Facts: Steven Shareff, Esq. of Louisa County, Virginia, (540)748-2176, P.O. Box 729, Louisa, VA 23093 (2005). Was the legal defense for Tina Marie Wells of Fluvanna County Virginia Court case was held in combined district court in Fluvanna County.
>
> Ground Four: A defendant's right to a speedy trial.
> Supporting Facts: Arrest date 4/3/2005. Trial date of 10/21/2005, 120 day for due process of the law has expired.

Upon initial review of Wells' pleading, the court conditionally filed the petition and advised Wells that it could not discern a cognizable federal habeas claim from the allegations in

---

[1] Wells filed her petition on a form for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241; however, she appears to be challenging the legality of her 2005 conviction in the Fluvanna District Court for aggravated malicious wounding and, therefore, the court construes her pleading as a petition pursuant to § 2254.

her petition. The court directed Wells to submit a more definite statement of her claims within ten days. Wells did not respond.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must dismiss a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Because Wells alleges no cognizable federal habeas claim, the court finds that it plainly appears that she is not entitled to habeas relief.[2] Accordingly, the court dismisses this action without prejudice to Wells' opportunity to refile her petition.

Entered: June 23, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[2] Moreover, it appears that Wells' habeas petition is untimely filed.